UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11585-GAO

WALTER JAMESON,
Plaintiff,

v.

MYLAN, INC.,
MYLAN PHARMACEUTICALS, INC., and
MYLAN TECHNOLOGIES, INC.,
Defendants.

ORDER ON MOTION TO COMPEL
September 27, 2011

O'TOOLE, D.J.

The plaintiff has filed a motion to compel production of medical records from North Shore Medical Center and written deposition of Dr. Schrenko, both non-parties to this action. The plaintiff had properly served subpoenas for the submission of a written deposition from Dr. Schrenko and for the release of medical records from North Shore Medical Center. See Fed. R. Civ. P. 45. This was an appropriate means by which to seek information from a non-party. See Williams v. Keenan, 106 F.R.D. 565, 567 (D. Mass. 1985) (a subpoena "is, in itself, a Court Order commanding the deponent to produce the documents specified therein").

However, as non-parties, Dr. Schrenko and the North Shore Medical Center are not at this juncture subject to the authority of the Court. They can be made subject to the Court's authority by service upon them of an order to show cause why they should not be found in civil contempt for failing to obey the subpoena. See Beadwear, Inc. v. Media

Brands, LLC, 2001 WL 533715 (S.D.N.Y. 2001); see also Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1343 (8th Cir. 1975). The plaintiff's proper remedy is to apply for and then to serve such an order to show cause. The present motion is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge