UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11585-GAO

WALTER JAMESON,
Plaintiff,

v.

MYLAN, INC.,
MYLAN PHARMACEUTICALS, INC., and
MYLAN TECHNOLOGIES, INC.,
Defendants.

ORDER ON MOTION TO DISMISS
September 27, 2011

O'TOOLE, D.J.

The plaintiff, Walter Jameson, brought suit against the defendants, Mylan Inc., Mylan Pharmaceuticals, Inc., and Mylan Technologies, Inc. (collectively, "Mylan"), for claims arising from the death of Jameson's wife, Teresa Deborah Jameson (the "decedent"). Mylan moved for dismissal of all claims supposedly brought by Jameson in his individual capacity and for dismissal of certain theories of liability.

The complaint alleges that a doctor prescribed a 100 microgram (mcg) fentanyl patch, manufactured by Mylan, to treat the decedent's chronic pain. The decedent had the prescription filled in August 2008 and began using the patch in accordance with its intended use. The decedent died on September 28, 2008 from the effects of fentanyl toxicity. A toxicology test demonstrated that the decedent's blood fentanyl concentration was four times greater than what a properly functioning 100 mcg patch was designed to produce. Prior to the decedent's death,

Mylan had received notice of adverse reactions to the patch, including reports of lethal doses of fentanyl filed by consumers using the patch.

Jameson's complaint alleges three counts. Count I alleges a breach of the implied warranty of merchantability arising from an alleged manufacturing defect, failure to warn, design defect, and unfitness for ordinary use. Count II alleges negligence on similar grounds, specifically negligent manufacturing, testing, and inspection, negligent design, and negligent failure to warn. Count III alleges that Mylan made negligent misrepresentations about the patch to the FDA, decedent, physicians, distributors, pharmacists, and general public. Further, the complaint characterizes Mylan's conduct as "malicious, willful, wanton or reckless or [] grossly negligent." (Compl. ¶ 123.)

Mylan's motion to dismiss seeks dismissal of any claims brought in Jameson's individual capacity as well as dismissal of portions of the breach of warranty, negligence, and negligent misrepresentations claims.

Mylan's objection to any "individual" claims asserted is well taken, given that the Massachusetts Wrongful Death Statute, Mass. Gen. Laws ch. 229, § 2, is the exclusive means of recovery for all claims arising from the death of a decedent. See Hallet v. Town of Wrentham, 499 N.E.2d 1189, 1192 (Mass. 1986); see also Matsuyama v. Birnbaum, 890 N.E.2d 819, 836 (Mass. 2008). An individual beneficiary may act as the administrator of the estate in an action under the Wrongful Death Statute, but may not also seek individual recovery for duplicate claims. Hallet, 499 N.E.2d at 1189. The plaintiff's response, however, clarifies that he seeks only the statutory remedy and that the reference to his "individual capacity" was essentially a redundant reference to his status as an individual beneficiary under the statute.

The defendants' objections to the sufficiency of various legal theories outlined in the complaint in support of each of the three counts are best resolved after a developed factual record after an opportunity for discovery. The motion is therefore DENIED without prejudice to renewal of the present arguments at an appropriate time.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge